# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JULIE STOVER,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0178**  (BOR Appeal No. 2049736)
(Claim No. 2012030544)

**GENERAL MILLS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Julie Stover, by Stephen New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. General Mills, Inc., by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2015, in which the Board affirmed an August 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 30, 2013, decision denying Ms. Stover's request to add lumbar disc protrusion, lumbar degenerative disc disease, lumbar radiculopathy, and lumbago as compensable components of the instant claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 27, 2012, Ms. Stover injured her back while loading boxes into her vehicle in the course of her employment as a retail sales representative. The claim was subsequently held compensable for a lumbar sprain. Following the injury, Ms. Stover sought treatment for lower back pain with Paul Oar, M.D., her primary care physician. On April 12, 2012, Dr. Oar noted that Ms. Stover was experiencing lower back pain after lifting a box in the course of her employment. On April 18, 2012, a lumbar spine MRI was performed which revealed left foraminal disc herniations at L3-4 and L4-5. Additionally, lumbar spine x-rays were obtained on

1

April 18, 2012, which revealed mild degenerative changes. Subsequently, Ms. Stover began receiving treatment from Abed Koja, M.D., who noted on May 7, 2012, that the results of the lumbar spine MRI are consistent with degenerative disc disease at L3-4 and L4-5 with mild foraminal stenosis on the left side at L3-4 and L4-5. He diagnosed Ms. Stover with lumbar spondylosis with radiculopathy. An EMG was performed on June 6, 2012, which revealed modest evidence of L4-5 radiculopathy.

Paul Bachwitt, M.D., performed an independent medical evaluation on August 10, 2012. He diagnosed Ms. Stover with a lumbar sprain/strain and opined that a physical examination revealed no evidence of radiculopathy or an operative disc lesion. On September 11, 2012, a CT scan of the lumbar spine was performed and revealed degenerative disc disease at L3-4 with an asymmetric disc bulge and moderate left foraminal stenosis, along with an L4-5 disc osteophyte complex with mild canal stenosis.

On November 13, 2012, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He opined that the diagnosis of a lumbar sprain is causally related to the March 27, 2012, injury. He further opined that the L3-4 and L4-5 disc herniations shown on the April 18, 2012, lumbar spine MRI are not causally related to the March 27, 2012, injury. Finally, Dr. Mukkamala opined that although the June 6, 2012, EMG revealed evidence of radiculopathy, no objective evidence of radiculopathy was identified during his examination of Ms. Stover.

On November 14, 2012, Ms. Stover was examined by Rajesh Patel, M.D., at the request of Dr. Oar. Dr. Patel diagnosed Ms. Stover with lumbar degenerative disc disease, right L4-5 radiculopathy, bulging discs at L3-4 and L4-5, and neural foraminal stenosis at L4-5. He treated Ms. Stover with transforaminal and epidural injections.

On January 8, 2013, Bruce Guberman, M.D., performed an independent medical evaluation. He gave no opinion regarding which diagnoses are related to the March 27, 2012, injury, however he did include impairment ratings for the diagnoses of radiculopathy and multiple disc herniations in rendering his opinion regarding the amount of Ms. Stover's whole person impairment. On September 24, 2013, Dr. Oar requested that lumbar disc protrusion, lumbar degenerative disc disease, lumbar radiculopathy, and lumbago be added as compensable diagnoses in the instant claim. On October 30, 2013, the claims administrator denied Dr. Oar's request to add lumbar disc protrusion, lumbar degenerative disc disease, lumbar radiculopathy, and lumbago as compensable diagnoses in the instant claim.

In its Order affirming the October 30, 2013, claims administrator's decision, the Office of Judges held that the preponderance of the evidence does not demonstrate that the diagnoses of lumbar disc protrusion, lumbar degenerative disc disease, lumbar radiculopathy, and lumbago are related to the compensable March 27, 2012, lumbar sprain/strain. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 28, 2015. On appeal, Ms. Stover asserts that the evidence of record demonstrates that lumbar disc protrusion, lumbar degenerative disc disease, lumbar radiculopathy, and lumbago should be added as compensable components of the instant claim.

The Office of Judges noted that although Dr. Guberman included impairment ratings for radiculopathy and displaced lumbar discs when making his recommendations regarding the amount of Ms. Stover's whole person impairment, his opinion was rejected by the Office of Judges in its August 20, 2013, decision determining the amount of Ms. Stover's permanent impairment arising from the March 27, 2012, injury.[1] Further, both Dr. Bachwitt and Dr. Mukkamala opined that only the diagnosis of lumbar sprain/strain is causally related to the March 27, 2012, injury. Neither Dr. Bachwitt nor Dr. Mukkamala found any objective evidence of radiculopathy on physical examination, and Dr. Mukkamala opined that the disc herniations revealed via MRI are unrelated to the March 27, 2012, injury. Finally, the Office of Judges concluded that the evidence of record does not support Dr. Oar's request for the inclusion of lumbar disc protrusion, lumbar degenerative disc disease, lumbar radiculopathy, and lumbago as compensable diagnoses in the instant claim. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

---

[1] The issue of Ms. Stover's permanent impairment arising from the March 27, 2012, injury, including the Office of Judges August 20, 2013, rejection of Dr. Guberman's opinion, was not appealed to this Court.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II